**RUBY CONSTRUCTION COMPANY,**
**Appellant,**

v.

**James F. TACKETT, Appellee.**

**James F. TACKETT, Cross-Appellant,**

v.

**RUBY CONSTRUCTION COMPANY, Inc.,**
**Cross-Appellee.**

Court of Appeals of Kentucky.

March 31, 1972.

Wayne J. Carroll, Ewen, MacKenzie & Peden, Louisville, for appellant and cross-appellee.

Ronald G. Polly, Whitesburg, for appellee and cross-appellant.

PALMORE, Judge.

Plaintiff, a highway department inspector at a construction project, was injured when a piece of the sidewalk on which he was standing next to an excavation fell in. Defendant, the contractor whose work was being inspected, had made the excavation and was driving piles into its floor. Plaintiff recovered $3877.76 on a jury verdict. Defendant appeals on the ground it was entitled to a directed verdict. Plaintiff cross-appeals on the ground the damages were inadequate.

There was a conflict in the evidence as to whether the earth beneath the section of sidewalk that fell in had been dug out by defendant or had simply slipped away as the result of gravity and the jarring effect of the piledriving operation. That distinguishes the case from Leslie Four Coal Co. v. Simpson, Ky., 333 S.W.2d 498, 84 A.L.R.2d 728 (1960), in which it was held that there was no duty to warn because the danger of slippage and sliding was as well known to the injured party as it was to the operator of the machinery.

The evidence tending to show that defendant had excavated beneath the sidewalk was paper thin, but we are not persuaded to hold it was insufficient to raise a jury issue. With respect to the amount of the award, though we realize it is a separate issue, since it bordered on an act of charity for the jury to allow any recovery at all we are not disposed to disturb its award.

The judgment is affirmed on the appeal and cross-appeal.

All concur.